UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANUEL VELASQUEZ,

    Plaintiff,

  –against–

WOO LAE OAK 50 INC. & YOUNG SOOK CHOI, jointly and severally,

    Defendants.

JUDGE McMAHON

**COMPLAINT AND JURY DEMAND**

No. 11 CIV 5429
( ) ( )

RECEIVED
AUG 04 2011
U.S.D.C. S.D. N.Y.
CASHIERS

## NATURE OF THE ACTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§216(b), that he is entitled to: (i) unpaid minimum wages from Defendants for which he did not receive the applicable minimum wage, as required by law, and (ii) liquidated damages, attorney's fees, and costs pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2. Plaintiff alleges that under the New York Labor Law, Art 6, §§ 190 et seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), he is entitled to (i) unpaid minimum wages for all hours he worked for which he was paid below the applicable minimum wage, (ii) liquidated damages equal to twenty-five (25) percent of his unpaid overtime wages; and (iii) attorney's fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391, as the

1

corporate defendant is located in this district and a substantial part of the events leading up to this litigation took place in this district.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff Manuel Velasquez was, at all relevant times, an adult individual, residing in Queens County, New York.

7. Upon information and belief, Defendant Woo Lae Oak 50 Inc. is a New York corporation doing business in New York County.

8. Upon information and belief, Defendant Young Sook Choi is a New York State resident.

9. At all relevant times, Defendant Young Sook Choi was an individual who actively participated in the business of WOO LAE OAK 50 INC., exercised substantial control over the functions of the employees of WOO LAE OAK 50 INC., including Plaintiff, and acted directly or indirectly in the interest of an employer.

## STATEMENT OF FACTS

10. At all relevant times, Plaintiff was employed by Defendants as delivery person.

11. Plaintiff began his employment with Defendants in approximately July 2010, and his employment ended on approximately April 2011.

12. Plaintiff worked different schedules ranging from approximately 18 hours per week to approximately 31 hours per week.

13. Plaintiff was paid approximately $4.00 per hour, an amount below the applicable

minimum wage.

## FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

14. Plaintiff realleges and incorporates by reference paragraphs 1 through 13 as if they were set forth again herein.

15. At all relevant times, upon information and belief, Defendants were employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

16. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

17. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

18. Upon information and belief, Defendants employed two or more employees during the time of Plaintiff's employment with Defendants.

### FLSA: FAILURE TO PAY OVERTIME

19. At all relevant times, the Defendants had a policy and practice of paying plaintiff less than the applicable minimum wage. Plaintiff was paid $4.00 per hour for all hours worked, less than the applicable minimum wage rate of $7.25 per hour.

20. As a result of the Defendants' willful failure to lawfully compensate Plaintiff at the applicable minimum wage rate, Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

21. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

22. Due to the Defendants' FLSA violations, Plaintiff is entitled to recover from the Defendants his unpaid minimum wage compensation, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF: <br> NEW YORK LABOR LAW

23. Plaintiff realleges and incorporates by reference paragraphs 1 through 22 as if they were set forth again herein.

24. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

25. Defendants willfully violated Plaintiff's rights by failing to pay him the applicable minimum wage rate for each hour worked. N.Y. Labor Law §§650 et seq.;

26. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, damages for unreasonably delayed payment of wages, reasonable attorney's fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b) An injunction against the Defendants and its officers, agents, successors,

4

employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

    c)    An award to Plaintiff of minimum wage compensation due under the FLSA and New York Labor Law;

    d)    An award of liquidated damages as a result of the Defendants' willful failure to pay minimum wage compensation pursuant to 29 U.S.C. § 216 and New York labor law;

    e)    An award of prejudgment and postjudgment interest;

    f)    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    g)    Such other and further relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated:    New York, New York
            August 2, 2011

By: _____
Justin A. Zeller (JZ 7094)
The Law Office of Justin A. Zeller, P.C.
277 Broadway, Suite 408
New York, New York 10007
Tel: 212-229-2249
Fax: 212-229-2246
E-mail: jazeller@zellerlegal.com

**ATTORNEY FOR PLAINTIFF**